FILED
NOV 14 2005

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ARTIE PAWNEE LEGGINS,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS WEBER; D. SLAKHAUS;<br>OWEN SPURREL; TROY PONTO;<br>D. YOUNG; C. STRATMEYER;<br><br>Defendants. | CIV. 05-4160<br><br>**REPORT AND RECOMMENDATION<br>TO DISMISS UPON SCREENING** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He alleges defendants Douglas Weber, Warden, D. Slakhaus, Owen Spurrel, Troy Ponto, D. Young, and C. Stratmeyer negligently injured him. Specifically, he alleges ". . . I was injuryed due to maintenance neglegence from a pipe . . . falling down from the ceiling hitting my right leg, causing injury. There were no rope barracades or warning devices . . . ." For relief he alleges "[d]ue to the neglegence of the SDSP and thier maintenance dept. not properly posting warning tape or markers . . . . I have problems with constant pain due to injury caused by maintenance dept. neglegence. I am scared for life from injury, and have nerve damage causing pain in right leg." (sics in original quotes). There is no claim for monetary or other relief in the complaint itself. In the civil cover sheet he has called this a class action for personal injury and described his claim as for $100,000. His complaint has been screened as is required by 28 U.S.C. § 1915(e)(2).

## ANALYSIS

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).

Plaintiff's complaint is one for negligence, as distinguished from a claim for a violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff does not assert a federal law under which his claim arises, nor does he assert diversity of citizenship which could vest the federal court with jurisdiction over his case. Quite the contrary, his allegations implicitly acknowledge a negligence claim which arose in South Dakota, where he lives, against defendants who are not alleged to live in a state other than South Dakota. He has failed as a matter of law to state a claim upon which relief could be granted because he has failed to allege facts which would vest this court with jurisdiction over his case. He might be able to make his claim the state courts for South Dakota.

## CONCLUSION

Plaintiff's complaint is one for negligence. He has not alleged a federal question which would vest this court with jurisdiction over his claim. He has not alleged diversity of citizenship. It is **RECOMMENDED** that his complaint should be dismissed without prejudice because this court does not have jurisdiction to consider and decide his case.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)

Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 14th day of November, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Sharon Louko, Deputy
(SEAL)